UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:24-CR-60049-LEIBOWITZ/AUGUSTIN-BIRCH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ALLEN JOHN COLLIER,

    Defendant.

_____/

**REPORT AND RECOMMENDATION ON CHANGE OF PLEA**

    This cause is before the undersigned United States Magistrate Judge upon order of reference from the Honorable David S. Leibowitz, United States District Judge. DE 26. The Court held a hearing on June 24, 2024, to permit Defendant Allen John Collier to change his plea. Assistant United States Attorney James Ustynoski appeared on behalf of the Government. Attorney Christopher Haddad appeared on behalf of Defendant, who was present.

    1.    The Court advised Defendant of his right to have the District Judge assigned to this case conduct the hearing. The Court advised that it was conducting the hearing at the request of Defendant, his attorney, and the Assistant United States Attorney assigned to the case. The Court advised that the District Judge assigned to the case will be the sentencing Judge, will schedule and conduct the sentencing hearing, and will make all findings and rulings concerning Defendant's sentence. The Court advised that Defendant did not have to permit the Court to conduct the hearing to change his plea and could request that the District Judge conduct the hearing instead. Defendant, his attorney, and the Assistant United States Attorney all consented to have a United States Magistrate Judge conduct the hearing to change Defendant's plea.

2. The Court conducted the plea colloquy in accordance with the outline set forth in the Bench Book for District Judges and in conformity with the requirements of Federal Rule of Criminal Procedure 11.

3. The parties have entered into a written Plea Agreement. DE 29. The Court reviewed the Plea Agreement on the record, and Defendant acknowledged signing the Plea Agreement.

4. Defendant pled guilty to Counts 1 through 6 of the Information, which charge him with making false statements during firearms purchases in violation of 18 U.S.C. § 922(a)(6).

5. The Court reviewed with Defendant the statutory maximum penalties and any minimum mandatory penalties applicable to the crimes to which he pled guilty. Defendant acknowledged that he understood the penalties that apply in this case.

6. The Plea Agreement contains an agreement by the Government to recommend a two-level reduction for acceptance of personal responsibility for the purpose of calculating the Sentencing Guidelines range. The Government further agrees that, if certain conditions are met, it will recommend a one-level reduction for assisting authorities for the purpose of calculating the Sentencing Guidelines range. The Court explained to Defendant that these recommendations are not binding on the United States Probation Office or on the District Court, and Defendant may not withdraw his plea based upon the District Court's decision not to accept these or any other sentencing recommendations.

7. The parties submitted a written Factual Proffer, which was signed by Defendant, his attorney, and the Assistant United States Attorney. DE 28. Defendant acknowledged that he signed the Factual Proffer, understands it, and has had the opportunity to fully discuss it with his attorney. Defendant agreed that the Factual Proffer is true and correct and accurately sets forth the

facts in his case as he understands them to be. Having reviewed the Factual Proffer, the Court finds that it sets forth each of the essential elements of the crimes to which Defendant pled guilty.

8. Based on the foregoing and the plea colloquy, the Court finds that Defendant entered his plea of guilty to Counts 1 through 6 of the Information freely, knowingly, and voluntarily. The Court accepts the guilty plea.

9. The United States Probation Office will conduct a pre-sentence investigation and will issue a report for sentencing purposes.

**ACCORDINGLY**, this Court recommends that the District Court accept Defendant's plea of guilty to Counts 1 through 6 of the Information, adjudicate Defendant guilty of the crimes to which he pled guilty, and conduct a sentencing hearing for final disposition of this case.

The parties have 14 days from the date of this Report and Recommendation within which to file objections, if any, with Judge Leibowitz. Under Federal Rule of Criminal Procedure 59(b)(2), failure to file a timely objection to this Report and Recommendation waives a party's right to review and bars the party from attacking on appeal any legal rulings or factual findings contained herein.

**DONE AND RECOMMENDED** in Chambers at Fort Lauderdale, Florida, this 24th day of June, 2024.

PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE